BURROUGHS BROS. MFG. CO. v. DULANEY et al.

(District Court, D. Maryland. December 26, 1916.)

UNITED STATES MARSHALS ☞7 — STATUTE — SERVICE OF PROCESS — FEES — "WRIT."

    Under Rev. St. § 829, Comp. St. 1913, § 1386, allowing the marshal for service of any warrant, attachment, summons, capias or other writ, $2 for each person on whom service is made, a marshal who served a writ of summons with a copy of the declaration on each of the defendants is not entitled to the fee of $2 for each copy of the declaration, as well as for each copy of the writ, served, since the copy of the declaration is not a writ, and the reasonable construction of the statute limits the com-

pensation to one fee for any number of papers served on the same person at the same time.

[Ed. Note.—For other cases, see United States Marshals, Cent. Dig. §§ 8, 9; Dec. Dig. ☞7.

For other definitions, see Words and Phrases, First and Second Series, Writ.]

At Law. Action by the Burroughs Bros. Manufacturing Company against Henry S. Dulaney and others. On objection by the plaintiff to fees charged by the marshal for service of process. Objections sustained.

Haman, Cook, Chesnut & Markell, S. Ralph Warnken, and German H. H. Emory, all of Baltimore, Md., for plaintiff.

Samuel K. Dennis, U. S. Atty., and James A. Latane, Asst. U. S. Atty., both of Baltimore, Md., for United States marshal.

ROSE, District Judge. The first paragraph of section 829 of the Revised Statutes, section 1386, Comp. St. 1913, provides that the marshal shall receive "for service of any warrant, attachment, summons, capias, or other writ, except execution, venire, or a summons or subpœna for a witness, two dollars for each person on whom service is made." · In the case at bar the marshal served on each of the four defendants a writ of summons with a copy of the declaration attached. He has charged in accordance with what appears to have been the practice of the office for many years $4 for the service on each person, on the theory that the two papers, to wit, the writ of summons and the copy of the declaration, constituted each a service of a separate writ. The plaintiff objects to such a constructive separation of what it naturally considers one service. It is right, and for two reasons: First, a copy of the declaration is not a writ of any kind, and the particular provision upon which the marshal relies applies only to writs; and, second, it would in any event be a strained construction to hold that Congress intended that the marshal should charge for the number of papers, at one time in the same case delivered to one person, rather than for service upon such person at one time.

I have been referred to no authority on the question, and have been able to find none, but it seems to me to be perfectly clear that a reasonable construction of the statute limits the marshal to one fee of $2 for one service at one time in one cause on one person, no matter how many papers, copies, orders to show cause, etc., may be served by him on that one individual at the one time, and in the one cause.